**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TARK MIRJA,

Petitioner,

v. No. 1:26-cv-02016-KG-LF

DEDOS*, et al.,*

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Tarek Mirja's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, the Government's Response, Doc. 6, and Petitioner's Reply, Doc. 7. Petitioner has also filed a Motion for Status Update, which the Court construes as a Notice of Supplemental Information. Doc. 8. For the reasons below, the Court grants the Petition.

**I.** ***Background***

Petitioner is a citizen of Bangladesh who was detained upon entry to the United States on January 13, 2025. *See* Doc. 1-2 at 31 ("On 13th January 2025 they forced me to enter the United States."); Doc. 6-2 at 1–5. Since then, Petitioner has remained in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1 at 1, 6. On December 16, 2025, an immigration judge ("IJ") denied Petitioner's application for asylum and issued a final order of removal. Doc. 1 at 6. Petitioner then appealed the order of removal to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* Petitioner has been in ICE custody for approximately twenty (20) months and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. *Id.* at 1, 6.

Petitioner seeks immediate release from detention in violation of the Fifth Amendment's Due Process Clause or, in the alternative, an individualized bond hearing. *Id.* at 7. The Government opposes the Petition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. Section 1225(b) and that his continued detention pending a final removal order is "both lawful and mandatory." Doc. 6 at 6.

## II. *Standard of Review*

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)). A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III. *Analysis*

For the reasons below, the Court concludes that: (1) Petitioner's detention is governed by Section 1225(b); (2) his prolonged detention violates his due process rights; and (3) the appropriate remedy is a bond hearing.

### *A. Petitioner is properly detained under § 1225(b).*

Section 1225(b) governs noncitizens "seeking admission" into the United States who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) (noting that noncitizen is "seeking admission" when they are "seeking to enter the United States at the border"). Section 1225(b) "makes no mention of bond and instead mandates that noncitizens subject to its authority shall be detained." *Santillan Quiroz*, 180 F.4th at 1234

(internal quotation marks and citations omitted); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1238 (D.N.M. 2025) ("Noncitizens detained under § 1225 are not entitled to bond hearings."); *see also Cortez-Gonzales v. Noem*, 811 F. Supp.3d 1287, 1295 (D.N.M. 2025) ("A noncitizen detained under Section 1225(b)(2) may be released only if he is paroled for urgent humanitarian reasons or significant public benefit under 8 U.S.C. § 1182(d)(5)(A)." (internal quotations omitted)). Here, Petitioner was detained immediately following entry into the United States near the border in the Rio Grande Valley. Doc. 9-2 at 2. He is therefore an arriving alien properly detained under Section 1225(b).[1]

***B. Petitioner's prolonged detention violates due process.***

Petitioner argues that his twenty-month detention is unreasonable and indefinite in violation of the Fifth Amendment's Due Process Clause. Doc. 1 at 6. The Court agrees.

The Petition presents a similar, although not identical, set of circumstances to this Court's recent decision in *Khil v. Mullin*, No. 1:26-cv-00986-KG-KRS, 2026 WL 2427977 (D.N.M. Aug. 19, 2026). In *Khil*, the Court analyzed a substantive due process claim and concluded that Mr. Khil's confinement for 19 months, pending an appeal to the BIA, was a violation of his substantive due process rights. *Id.* at *2–4. The Court ordered the Government provide Mr. Khil with a bond hearing. *Id.* at *4. Here, Petitioner appealed the denial of his request for asylum to the BIA and DHS has detained Petitioner for a total of 20 months. Doc. 1 at 6. The Court concludes that Mr. Khil and Petitioner's matters are factually and legally similar and accordingly the Court adopts the applicable substantive due process analysis and reasoning set forth in *Khil*

[1] The Court uses the term "arriving alien" to refer to the class of noncitizens detained at the border. *See* 8 C.F.R. § 1.2.

here. *See Khil*, 2026 WL 2427977 at *2–4 (concluding arriving aliens have Fifth Amendment substantive due process rights and those rights may be violated if detention becomes punitive).

The Government has not met its burden to show that Petitioner's detention is non-punitive or otherwise justified. *See id.* at *3 ("[Section] 1225 authorizes prolonged mandatory detention only where the Government provides a "special justification" for detention that "outweighs the individual's constitutionally protected interest in avoiding physical restraint.") (quoting *Zadvydas*, 533 U.S. at 690)). The continued delay in completing deportation proceedings infringes on Petitioner's liberty interest in being free from arbitrary detention. *See, e.g.*, *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164 at *6 (D.N.M. Apr. 9, 2026) (concluding that petitioner's 14-month detention violated due process); *Mbaku v. Mullin,* No. 1:26-CV-00078-SMD-JMR, 2026 WL 1959355 at *5 (D.N.M. July 7, 2026) (noting 18-month detention violated due process). Petitioner's prolonged detention violates his substantive due process right to be free from arbitrary physical restraint.

***C. The proper remedy is a bond hearing.***

The Court will order the Government to provide Petitioner an individualized bond hearing before a neutral immigration judge. While the Government has a strong interest in enforcing its immigration laws, "its interest in detaining noncitizens absent a rational reason for doing so is low." *Mendibaev v. Lyons*, No. 1:25-CV-01308-DHU-GBW, 2026 WL 917457, at *7 (D.N.M. Apr. 4, 2026). The Court recognizes that providing Petitioner a bond hearing necessarily entails an "administrative burden[ ]." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But "[c]ourts generally have found that the cost of providing a bond hearing is relatively minimal." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-CV-00998-EPG-HC, 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025) (citing cases). The Court similarly concludes that

an individualized bond hearing is a minor burden to the Government. It will not interfere with the Government's "sovereign prerogative . . . to decide which [noncitizens] to admit." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). Additionally, pre-removal detention is still at issue because Petitioner's appeal regarding his order of removal remains pending. *See* 8 C.F.R. § 1241.1. If the order of removal becomes final, this Order will not affect the Government's authority to detain Petitioner. *See* 8 U.S.C. § 1231(a).

## IV. *Conclusion*

For the reasons stated herein, the Petition for Writ of Habeas Corpus, Doc. 1 is granted.

1. Within 14 days of this Order, the Government shall provide Petitioner with an individualized bond hearing before an immigration judge.
2. At the hearing, Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community.
3. If a bond hearing is not provided within 14 days, Petitioner shall be released under appropriate conditions of supervision.
4. The Government shall file a status report within 21 days to certify compliance with this order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.